AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN MISSIONS, A CORPORATION, PROSECUTOR, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted July 6, 1922—Decided November 8, 1922.

Where a gift, in the form of a deed of trust, provided that a portion of the income should be paid to the donor and his wife during their lifetime and that after their death the fund should become a permanent fund, to be invested as the donee should decide—*Held*, that the absolute transfer of the property did not take place until after the death of the donor and his wife and that such property was liable to a transfer tax to the State of New Jersey.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Harrison & Roche.*

For the respondent, *Thomas F. McCran,* attorney-general, and *William Newcorn,* assistant attorney-general.

The opinion of the court was delivered by

KALISCH, J. The prosecutor in this proceeding questions the validity of a transfer tax, amounting to one thousand two hundred and fifty dollars ($1,250), with interest from December 15th, 1918, levied, on May 27th, 1921, by the comptroller of the State of New Jersey against the prosecutor, a non-resident corporation, and the executors of the estate of Asa White Kenney, deceased, who it appears had in his lifetime executed two deeds of trust, one of which was made and executed by him on or about July 1st, 1903, and the other on or about July 1st, 1909, by which trust deeds, according to the stipulation entered into between the attorneys of the respective parties in interest, Asa White Kinney

assigned to the prosecutor certain mortgages on real estate and the notes secured thereby, of the value of fifty thousand dollars ($50,000), thirty thousand of which was assigned by the first deed of trust and twenty thousand by the second. Both transactions were gifts from Mr. Kenney to the prosecutor.

The deeds of trust were lost, but by stipulation of counsel it was agreed that the resolutions of acceptances of the gifts by the prosecutor express the terms and conditions of the trust. The first resolution of prosecutor's acceptance of the trust and gift recites, among other things, the following: "It being understood and agreed that the donation is at once to become the absolute property of the board, provided there shall be paid to Mr. Asa W. Kenney and to Mrs. Cornelia A. Kenney, as long as both shall live, two-thirds (2/3) of the annual income of the investment of said gift, and after the decease of either Mr. Asa W. Kenney or Mrs. Cornelia A. Kenney there shall be paid to the survivor, during the survivor's life, one-half (1/2) of the income from the investment of said gift, the payment to be made each three months; and it is further agreed that when the investment, or any portion of the gift as now invested, matures, the board shall, during the life of Mr. Asa W. Kenney or Mrs. Cornelia A. Kenney, reinvest the money in real estate mortgages bearing not less than five per cent. interest per annum.

"And it is also agreed that after the decease of both Mr. Asa W. Kenney and Mrs. Cornelia A. Kenney the fund shall be held as a permanent fund to be invested and reinvested as the American board shall decide," &c.

The first insistence on behalf of the prosecutor is that the property assigned to the board vested absolutely in it as of the dates of the deeds of trust.

It is quite obvious that the deeds of trust were no more than transfers to the prosecutor of the mere naked legal title to the property, in which the donor expressly reserved and postponed the happening of an actual transfer of the full

possession or enjoyment of the property by the prosecutor till after the death of himself and his wife. This is clearly expressed in the resolution of acceptance, where it appears that the donation was to become the *absolute property* of the prosecutor *only* when it had fulfilled the condition upon which the donation was made.

We think the facts of this case fall clearly within and are controlled by the principle enunciated in *Carter* v. *Bugbee,* 91 *N. J. L.* 438; 92 *Id.* 390.

The second and only other reason urged by counsel of prosecutor against the validity of the assessment is that at the time of the execution of the deeds of trust the statute did not impose a transfer inheritance tax upon property passing to benevolent and charitable institutions and organizations. As we hold that the absolute transfers of the property took place at the time of the death of the donor and his wife, and not at the time of the execution of the deeds of trust, it becomes manifest that the objection made is without legal force.

The writ is dismissed and the assessment affirmed, with costs.