In re estate of CHARLES E. W. HARVEY, deceased.

[Decided March 26th, 1924.]

**Taxes—Inheritance—Transfer of Property in Contemplation of Death—Transfers Where Grantor Retains Beneficial Interest Until Death.**

On final hearing.

*Mr. Andrew Foulds, Jr.,* for the appellant.

*Mr. Edward L. Katzenbach,* attorney general, for the respondent.

BUCHANAN, V. O.

The executor of the estate of Charles E. W. Harvey appeals from the assessment of transfer tax by the comptroller.

Testator died July 9th, 1922, a resident of this state. In April, 1907, he had made an agreement with the Moravian Seminary, of Bethlehem, Pa., whereby he was, within sixty days, to pay to the seminary $25,000 and convey to it also a certain residence property in Essex county. The seminary was to pay him five per cent. interest on the $25,000 during his life and lease the property to him, for his lifetime, rent free, for his own occupancy or to sublet for his own benefit, he to pay the taxes and upkeep.

This agreement was performed on both sides. The comptroller has assessed a tax in respect of the said $25,000, and in respect of the residence property, appraised at $19,000, as a gift or transfer to take effect at death. Appellant contends this was error; that the transfers took effect immediately in 1907.

Of course, as a matter of legal technicality, the actual transfers of title did take effect in 1907. The question to be determined, however, is what was the substance and effect

of the entire transaction? As to the house, it amounted to a conveyance of the remainder, subject to a life estate in testator; it was a transfer intended to take effect in *beneficial possession and enjoyment* at testator's death. Until testator's death he himself retained the beneficial enjoyment of the property. So also with the $25,000. He retained the beneficial enjoyment of that during his lifetime, for by the terms of the agreement the donee was to pay him *"interest"* on that very sum of $25,000 during his life, at five per cent. (which is the generally accepted ordinary rate for safe investment income).

Appellant further contends that in any event the transfers in question are not taxable, because the statute in force in 1907 did not provide for the assessment of a tax thereon, the provisions in that behalf being enacted in 1922, shortly before testator's death. In view of *Carter* v. *Bugbee, 91 N. J. Law 438; Id., 92 N. J. Law 390,* and *American Board, &c.,* v. *Bugbee, 118 Atl. Rep. 700,* that question cannot be considered as open for determination by this court.

The appeal must be dismissed.