THE CONGREGATIONAL HOME MISSIONARY SOCIETY, A CORPORATION, APPELLANT, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued October 22, 1924—Decided January 19, 1925.

On appeal from the Supreme Court.

For the appellant, *Arthur R. Lewis* and *John S. Sickels* (of the New York bar).

For the respondent, *Edward L. Katzenbach,* attorney-general, and *Harry R. Coulomb,* assistant attorney-general.

PER CURIAM.

The comptroller of the treasury levied against the estate of Asa White Kenney and the Congregational Home Missionary Society a certain transfer inheritance tax, which was certified into the Supreme Court and affirmed. Mr. Kenney, who died in 1917, transferred in November, 1904, to the Congregational Home Missionary Society a certain mortgage of the value of $30,000, and on the same day the home executed a deed of trust to him whereby it agreed that the donation was at once to become the absolute property of the home, provided there should be paid to Mr. Kenney, as long as he should live, three-fourths of the annual income of the gift, and after his death to his niece one-tenth thereof, until July 1st, 1911, and thereafter to be held as a permanent investment for certain purposes of the prosecutor-appellant.

The assessment was upheld by the Supreme Court in a *per curiam,* for the reasons given in the opinion of Mr. Justice Kalisch in *American Board of Commissioners, &c.,* v. *Bugbee, Comptroller, &c.,* 98 *N. J. L.* 84, wherein he held that it was obvious that the deed of trust was no more than a transfer to the prosecutor of the mere naked legal title to the property, in which the donor expressly postponed the

happening of an actual transfer of the full possession or enjoyment of the property until after the death of himself and his wife, and that the only other objection that at the time of the execution of the deed of trust the statute did not impose a transfer inheritance tax, was without legal force, as the absolute transfer took place at the time of the death of the donor and his wife.

For the reasons expressed in the *per curiam* of the Supreme Court, the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, CAMPBELL, LLOYD, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 11.

*For reversal*—None.