WILLIAM DOUGLASS MOORE, EXECUTOR OF THE LAST WILL AND TESTAMENT OF CHARLES E. W. HARVEY, DECEASED, PLAINTIFF, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided April 23, 1925.

**Taxes and Assessments—Transfer to Take Effect at or After Death—Conveyance Made to Educational Institution With Agreement to Pay Grantor Interest During Life and to Execute Lease Free of Rent—Held, to be Within Statute Imposing Tax.**

On *certiorari* to the Prerogative Court.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Andrew Foulds, Jr.*

For the defendant, *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

Charles E. W. Harvey died July 9th, 1922, a resident of Essex county, in this state. He left an estate of $93,000, exclusive of certain personal and real property transferred by him during his lifetime to the Moravian College and Theological Seminary.

In April, 1917, the testator, by agreement in writing with the board of trustees of the Moravian College and Theological Seminary, agreed that he would pay it, within sixty days from the date of the agreement the sum of $25,000, and also, within the same period, convey to said seminary certain real property known as No. 40 Hillside avenue, in Glenridge, Essex county, New Jersey. In consideration of these transfers, the said college and seminary agreed to pay to the decedent interest on the transfer of the $25,000, at the rate of five per cent. per annum, during his natural life, and, further, to execute a lease to the decedent for the Hillside ave-

nue property for life, for residential purposes, free of rent, with the provision he keep the premises in repair and pay all proper taxes and assessments thereon, with the further provision that he might sublease the said premises for his own benefit, in whole or in part. These provisions were fully performed and carried out during the life of the deceased. It is conceded that the total value of the property so transferred is $44,000.

The question for determination presented by the undisputed facts above related is whether or not the trust grafted upon these transfers, as above mentioned, metamorphosed the transaction into a transfer intended to take effect in beneficial possession or enjoyment at death.

On behalf of the prosecutor it is urged that, because at the time the transfers were made to the college there was no statute imposing a transfer inheritance tax, it would not be assumed that there would be such a tax, and, therefore, it could not be fairly contended that there was any attempt to evade payment of a transfer tax thereon. But it seems to us to be inconsequential, in the admitted circumstances of the present case, whether or not it was an attempt to evade the provisions of subdivision 3, section 1 of the Transfer Inheritance Tax act, chapter 228, page 1, 1909, which provide as follows:

"Third. When the transfer is of property made by a resident * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death * * *."

It seems clear, from the trust agreement, that the transfer of the property was not to take effect in beneficial possession and enjoyment until the death of the donor had happened. We do not think the question is an open one. The facts presented here are controlled by the cases of *Carter* v. *Bugbee*, 91 *N. J. L.* 438; *affirmed*, 92 *Id.* 390; 98 *Id.* 84; 118 *Atl. Rep.* 700.

For the reasons stated the decree of the Prerogative Court is affirmed, with costs.