In the Matter of the Transfer Tax upon the Estate of
JOHN KANE, Deceased.

SECURITY TRUST COMPANY OF ROCHESTER, as Adminis-
trator with the Will Annexed, et al., Appellants; STATE
TAX COMMISSION, Respondent.

**Tax — transfer tax — stock transferred by husband to him-
self and wife in 1908 — no present title acquired to any part
until death of husband — erroneous limitation of transfer tax
to one-half the value of shares, on death of husband after
enactment of chapter 664 of Laws of 1915.**

The interest acquired by a wife through the act of her husband
in placing shares of stock in their joint names is not one of joint
ownership. She does not acquire a present title to any part thereof
until the death of her husband when the right of survivorship attaches
to the whole. It was, therefore, error to limit the assessment of a
transfer tax to one-half the value of shares placed by a decedent in
the name of himself and his wife in 1908, to which the wife succeeded
on his death, after the enactmen of chapter 664 of the Laws of 1915,
imposing a transfer tax upon the vesting by survivorship of property
held in the joint names of two or more persons.

(Submitted January 9, 1928; decided January 17, 1928.)

MOTION for reargument. (See 246 N. Y. 498.)

CARDOZO, Ch. J.   We held in our opinion already filed
that the rights of Zetta Kane in respect of 900 shares of
the stock subjected to the tax, were governed, not by the
agreement of January, 1923, but by the transfer made in
1908 by John Kane to the joint names of John Kane and
Zetta Kane, his wife.

The case was argued before us on the assumption that
if this was so, the decision in *Matter of McKelway* (221
N. Y. 15) supplied the applicable rule, and that the tax
should then be laid upon a half interest, and not upon
the whole.

The counsel for the State Tax Commission does not
deny that the argument involved a tacit concession to

that effect, which tended, though of course without design, to mislead the court, but he argues that the concession, which appears to have been unintended, was erroneous. We think it was. In *Matter of McKelway* (*supra*) we were dealing with a true joint estate. We held that a half interest belonged to the wife in her own right before the amendment of the Transfer Tax Act (Cons. Laws, ch. 60, art. X), and that a half, and only a half, passed to her thereafter as survivor of her husband. We restricted the tax to the half thus accruing by survivorship after the passage of the statute. In the case at hand the interest acquired by the wife through the act of the husband in placing the shares in the joint names was not an interest as joint owner. She did not acquire a present title (except a merely formal one) to a half, or any other part. Whatever title came to her was dependent upon his death. As we pointed out in our opinion: "A husband who puts the title to a chose in action in the name of himself and his wife jointly does not create a joint tenancy in the strict sense. The right of survivorship attaches if title is retained till his death, but he may defeat it altogether if he disposes of the property by conveyance taking effect during his life. (*Matter of Albrecht*, 136 N. Y. 91, 95; *Wetherow* v. *Lord*, 41 App. Div. 413, 417.)"

Thus, applying the very principles laid down in our opinion, we reach the conclusion that there accrued to Zetta Kane by survivorship upon her husband's death, and not before, a title to the full 900 shares placed in the joint names in 1908, and not merely to half of them. There was thus error of calculation in limiting the tax to half.

The remittitur will, therefore, be recalled, and upon the return thereof, the decision heretofore made will be modified so as to direct that the order of the Appellate Division be affirmed, without costs to either party.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.