THE FARMERS' LOAN AND TRUST COMPANY, EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF ALICE MULLER, PROSECUTOR, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, AND WILLIAM T. READ, TREASURER .OF THE STATE OF NEW JERSEY, DEFENDANTS.

Argued January 17, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutor, *Minton & Rogers.*

For the defendants, *Edward L. Katzenbach.*

PER CURIAM.

The question relates to the imposition of a succession tax upon a portion of the estate of one Alice Muller, a resident of New York, who died in 1922.

In 1908 she and her husband made an instrument of transfer to two of his brothers in Germany, covering one hundred and thirty shares of the United States steel, preferred, $3,000 in United States steel sinking fund bonds, and twenty shares of Western Union telegraph, reserving the income on these securities for the lives of the grantors and the survivor of them, and lodging the securities with the prosecutor, the Farmers' Loan and Trust Company, until the death of the survivor. The husband died first, and after Mrs. Muller's death the trustee applied for a New Jersey waiver on the steel stock, and the comptroller imposed a tax which is contested in this case.

The first point made by the prosecutor which we shall consider is that the statute is not retroactive, and that, if this tax be sustained, it would amount to taxing vested interests and would be unconstitutional. The answer to this is that, while the paper purports to vest title at once in the two brothers, it does not vest such title in possession and enjoyment until the death of the survivor, and, consequently, the property would be subject to a tax imposed by an act in force at the time of the death of such survivor. This rule is well settled. *Carter* v. *Bugbee,* 91 *N. J. L.* 438; *In re Harvey,* 129 *Atl. Rep.* 393; 98 *N. J. Eq.* 638; 128 *Atl. Rep.* 679; 135 *Id.* 919.

The other point is that the evidence shows that the transfer was for a valuable consideration adequate in amount, and that it was therefore a sale. This is the burden of the argument. The paper itself recites one dollar and other valuable considerations in hand paid. But admittedly nothing was paid at the date or delivery of the paper; the consideration claimed is outside the paper, namely, an agreement to pay the grantors and the survivors of them the sum of two thousand four hundred marks a year in monthly payments until the death of the survivor.

Assuming for present purposes, what need not be decided, that such consideration can legally be shown, when the evidence is examined, it seems nebulous in the extreme. Without doubt, there was an agreement of some kind to pay $600 a year. This agreement, apparently, was not in writing, or, if it was, has not been placed before us. A written paper printed in the case recites such an agreement, and uses this language: "The property of our sister-in-law Alice and our brother Richard was to pass to us after their death." The paper does not say what property was to pass, and it is very clear from a reading of the evidence that there was other property. The consideration must be an adequate one in order to escape the tax. *In re Hall,* 94 *N. J. Eq.* 398, 404; *In re Bottomley,* 92 *Id.* 209. We consider that the prosecutor has failed to show satisfactorily that the alleged consideration of $600 a year (two thousand four hundred marks)

was a consideration for the transfer of this stock and nothing else.

Our conclusion is that the prosecutor has failed to show a proper case for exemption, and, therefore, the tax brought up by this writ will be affirmed.