Day, J.
 

 Do any of the funds involved in this estate come within the purview of Section 5332, General Code, the pertinent part of which reads as follows:
 

 “ A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases: * * *
 

 “5. Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under the provisions of this subdivision of this chapter in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and had been by him bequeathed to the survivor or survivors by will.”
 

 It is the contention of the tax commission that one-half of this fund comes within the provisions above quoted. The agreed statement of facts shows that these parties held this fund as a joint fund, and we are of opinion that it may be regarded as within the rule of
 
 Cleveland Trust Co.
 
 v.
 
 Scobie,
 
 
 *365
 

 Admr., 114 Ohio St.,
 
 241, 151 N. E., 373, 48 A. L. R., 182, wherein this court held that a present joint interest’ in bank deposits might be created, and that the entire balance at death would, under the survivorship clause, pass to the survivor.
 

 We are disposed to follow the case of
 
 Marble
 
 v.
 
 Treasurer and Receiver General,
 
 245 Mass., 504, 139 N. E., 442, wherein it was held that a husband and wife were
 
 quasi
 
 joint tenants of savings bank deposits in their names subject to withdrawal by either or the survivor, and the sole beneficial interest accruing to the wife on the husband’s death was taxable under G. L., c. 65, Section 1.
 

 The facts in the case were quite similar to those in the case at bar; the deposits in the various savings banks were subject to substantially the same provisions as in the present case. The laws of Massachusetts provide: “All property within the jurisdiction of the commonwealth * * * which shall pass by will, or by laws regulating intestate succession,
 
 * * *
 
 and any beneficial interest therein which shall arise or 'accrue by survivorship in any form of joint ownership in which the decedent joint owner contributed during his life any part of the property held in such joint ownership * * * to any person, * * * shall be subject to a tax at the percentage rates fixed * *
 

 We adopt the following paragraph found in the opinion:
 

 “By reason of the death of Marble, Mrs. Marble alone now has an interest in these deposits arising or accruing by her survivorship, which she did not have before. That beneficial interest is to absolute title to the deposit, free from the pre-existing right,
 
 *366
 
 absolute in its terms, which Marble undoubtedly possessed during his life to withdraw the whole or any part of these deposits on his individual receipt, and to dispose of the money on his individual account. Thése deposits vested in the complete possession and enjoyment of Mrs. Marble on the death of her husband; there resulted to her upon his death, for her sole beneficial interest, a complete cessation of his power to exercise any control over the deposits, or to enjoy any benefit from them, and this interest which accrued to her by survivorship in this ‘form of joint ownership’ and which she now has is taxable under the statute.”
 

 The same principle is recognized by the Court of Appeals of New York in
 
 In re Dolbeer’s Estate,
 
 226 N. Y., 623, 123 N. E., 381; also in
 
 In re McKelway’s Estate,
 
 221 N. Y., 15, 116 N. E., 348, L. R. A., 1917E, 1143. See, also,
 
 In re Kane’s Estate,
 
 247 N. Y., 219, 160 N. E., 17;
 
 In re Huggins’ Estate,
 
 96 N. J. Eq., 275, 125 A., 27;
 
 Farmers’ Loan & Trust Co.
 
 v.
 
 Bugbee, State Comptroller,
 
 6 N. J. Misc., 415, 141 A., 579. It should be noted that in both Massachusetts and New York there had been such amendments of the inheritance tax law with reference to joint holdings as to render decisions prior to such amendments inapplicable.
 

 The chief argument of the defendant in error is that the right of Mrs. Hutchison to consume the whole estate
 
 before
 
 the death of her husband existed to the same extent
 
 after
 
 his death, and therefore no additional right accrued to her; that the extinction of her husband’s rights by his death brought nothing to her that she did not have theretofore; that the tax is upon succession, and not upon extinction.
 

 
 *367
 
 In support of this view, reliance is placed upon the case of
 
 Tyler
 
 v.
 
 United States,
 
 28 F. (2d), 887, a decision by the United States District Court of Maryland. It should be noted, however, that this decision is based on the rule of estates by entirety, as recognized by the state courts of Maryland. The gist of the decision may be summarized as follows:
 

 “In view of the-fact that, under the laws of Maryland, husband and wife holding as tenants by entireties are each deemed to hold entire title, and that no new estate is conferred on survivor on death of one spouse,
 
 held,
 
 Revenue Act 1916, tit. 2, Section 202(c), 39 Stat. 777, is invalid in so far as it levies tax on decedent’s interest in property held as tenant by entirety, as being a direct tax on decedent’s estate in violation of Const. art. 1, Sec. 2, cl. 3, and Sec. 9, cl. 4.”
 

 However, in Ohio, tenancy by entirety does not exist.
 
 Sergeant
 
 v.
 
 Steinberger,
 
 2 Ohio, 305, 15 Am. Dec., 553;
 
 Wilson and Marsh
 
 v.
 
 Fleming,
 
 13 Ohio, 68. It was held in
 
 Farmers’ & Merchants’ National Bank
 
 v.
 
 Wallace,
 
 45 Ohio St., 152, 12 N. E., 439: “Under the laws of Ohio, when lands are conveyed to husband and wife jointly, they take by moieties as tenants in common. ’ ’
 

 It should be borne in mind also that Ohio is one of the states that by statute have authorized the wife to convey her property as a feme sole, and the right of ownership by a survivor in a joint account in a bank has been recognized in this state, in the
 
 Scobie case, supra.
 

 Claim is made that, because two of these accounts were opened before the succession tax law was passed, no tax may be collected, upon the theory
 
 *368
 
 that the rights were vested and the law would therefore be retroactive. We think that, where the right to absorb the whole fund was in either Hutchison or his wife at any time prior to his death, it must be the time of such death that measures the right of the survivor, as it was entirely problematical whether there would be any fund subject to succession until after one of the joint owners had died. The time of death of one measures the rights of the other in the property in question.
 

 This principle was recognized by the United States Supreme Court in
 
 Saltonstall
 
 v.
 
 Saltonstall,
 
 276 U. S., 260, 48 S. Ct., 225, 72 L. Ed., 565: “The imposition by a state of a tax on the right of succession of beneficiaries under a deed of trust to property of the donor does not unconstitutionally deprive them of their property without due process of law, although the trust was established prior to the passage of the taxing law, if the right to alter the trust remained with the donor until his death, which occurred after the passage of the statute.” This case was followed in
 
 Chase National Bank
 
 v.
 
 United States,
 
 278 U. S., 327, 49 S. Ct., 126, 73 L. Ed., 114, holding that a tax imposed by Section 402(f) of the Revenue Act of 1921 (42 Stats, at L., 279) on life insurance policies payable to named beneficiaries is, where the insured has power to change the beneficiaries, a' tax on the transfer, and not a direct tax on property, subject to the constitutional provision requiring apportionment of direct taxes, and in
 
 Reinecke, Collector of Internal Revenue,
 
 v.
 
 Northern Trust Co.,
 
 278 U. S., 339, 49 S. Ct., 123, 73 L. Ed., 117, holding that a transfer effected by a trust created prior to the passage of the statute taxing
 
 *369
 
 transfers, which is subject to a power of revocation in the transferrer, terminable at his death, not being complete until his death, may be made taxable by a statute passed prior to his death. While some states may adhere to a different rule, we think the principle as announced by the United States Supreme Court should control.
 

 We are of opinion that by the death of James Hutchison there was an accrual to Letitia Hutchison of an exclusive right to the entire fund which she did not theretofore possess. The state claims that this amounted to one-half of the fund in question and was donative in character, and our conclusion is that the same is subject to the succession tax, as provided in Section 5332, General Code.
 

 Entertaining these views, it becomes our duty to reverse the Court of Appeals and the Court of Common Pleas, and to remand the cause to the Probate Court, with instructions to enter judgment in accordance with this opinion.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.