In the Matter of the Estate of JOHN DWYER, Deceased.

Surrogate's Court, New York County, October 22, 1932.

*Edgar Hirschberg*, for the State Tax Commission.

*Dwyer & Redfield*, for the administratrices.

FOLEY, S. The administrators appeal from the order fixing the estate tax upon three grounds. The first and principal ground of appeal involves the taxation of three mortgages acquired by the decedent and his wife in their joint names and retained by them at the time of the death of the decedent. He died on the 30th day of December, 1930. The mortgages were acquired before the taking effect of the new Estate Tax Law. ▮ The State Tax Appraiser has reported the entire value of these mortgages as taxable in the estate and the order appealed from has fixed the tax accordingly. The administrators contend that one-half the amount of these mortgages was actually vested in ownership in the wife (the survivor) and that only the remaining one-half, which passed by survivorship to her at her husband's death, is taxable.

The special facts in this estate bring the determination of the question clearly within the rule laid down in *Matter of McKelway* (221 N. Y. 15). In the latter case the securities, consisting of certain corporate bonds, were delivered to a trust company as custodian with directions to pay the income in equal shares to the

husband and wife. At the death of either, the securities were directed to be delivered to the survivor. In the present case similarly the original agreement between the husband and wife, made at the time of acquisition, provided for the payment of the interest on the mortgages in equal shares to each spouse. Either was to have the right to transfer or otherwise dispose of his or her one-half interest during the lifetime of the other. In the event of death, the survivor was to take the one-half share upon which income had been paid to the decedent during the decedent's lifetime. In the *McKelway Case* (*supra*) the Court of Appeals held that the one-half interest which the wife (the survivor) owned and had the right to dispose of, was not taxable. " She gained nothing in regard thereto by the death of her husband except as the *jus accrescendi* eliminated his interest." (Citing *Matter of Pell*, 171 N. Y. 48.) The right of the survivor of two joint tenants of personal property to the exclusive ownership was determined to be a taxable transfer as to one-half of the joint property, but not to the whole. It was further held that the only beneficial interest which accrued at the death of the first joint tenant was the right of the survivor to take the former's fractional share.

Under the facts of the pending appeal the nature of the interest of the wife in the joint property is clearly distinguishable from the circumstances involved in *Matter of Kane* (247 N. Y. 219). There the husband simply placed the property in the joint names of his wife and himself in the form of a common-law joint tenancy between the spouses. There was no evidence that the wife had contributed to the joint fund. A joint tenancy in the strict sense was not created. " The right of survivorship attaches if title is retained till his [the husband's] death, but he may defeat it altogether if he disposes of the property by conveyance taking effect during his life." (Per CARDOZO, Ch. J., in *Matter of Kane, supra,* at p. 220.) The entire fund was determined to be taxable in that case upon the death of the husband. There the interest of the wife was merely titular or formal. Here the one-half interest of the wife was real, actual and vested from the time of the acquirement of the mortgages. While both parties lived, the agreement created a relationship more similar to a tenancy in common between them. To it was added the right of the survivor to take the share of the other. The death of the decedent brought into being no property right in the surviving wife as to the one-half which she already owned.

My determination here is necessarily limited to the special and distinctive facts involved. The enactment of article 10-C (and particularly section 249-r) creating the new estate tax which

became effective on September 1, 1930, before the death of the decedent here, in no way affected the application of the *McKelway* decision to the present situation. The contention, therefore, of counsel for the State Tax Commission as to the pertinency of the decisions of the Federal courts construing the Federal Inheritance Tax statute, and his argument for the desirability of assimilating the construction of our Estate Tax Law to that of the Federal act become immaterial. No one of the Federal decisions cited by counsel for the State Tax Commission dealt with the special circumstances of the instant case (*Tyler* v. *United States*, 281 U. S. 497; *Phillips* v. *Dime Trust & Safe Deposit Co.*, 284 id. 160; *Third National Bank & Trust Co. of Springfield* v. *White*, 45 F. [2d] 911; *O'Shaughnessy* v. *Commissioner of Internal Revenue*, 60 id. 235). When an appropriate case is presented the courts will undoubtedly give vigorous support to the policy of the Decedent Estate Commission and the State Tax Commission which recommended and the Legislature which enacted the new Estate Tax Law. It was intended to make the procedure and construction of the two statutes as nearly uniform as practicable. The context of the statute itself likewise supports this intent.

The second ground of appeal is sustained and the household articles are held to be exempt under section 200 of the Surrogate's Court Act, and proper deductions from the gross estate. The third ground of appeal is overruled.

Submit order on notice accordingly.