In the Matter of the Application of WILLIAM HARRY TRIPP and MAE M. TRIPP, Petitioners, for an Order Directing the COUNTY CLERK OF NASSAU COUNTY, Respondent, to Mark a Certain Mortgage Satisfied of Record.

Supreme Court, Nassau County, April 3, 1940.

*Graef & Towns*, for the petitioners.

*James L. Dowsey*, for the respondent.

HOOLEY, J. Application to compel the county clerk of Nassau county to satisfy mortgage and to mark his records accordingly.

It appears that a mortgage was made by petitioners to John Thomas Kilcoyne and Sabina Kilcoyne in 1933, in the amount of $3,600, which mortgage was duly recorded in the office of the clerk of the county of Nassau. Sabina Kilcoyne, one of the mortgagees, died, and a satisfaction piece has been presented to the county clerk, signed only by John Thomas Kilcoyne. The county clerk refused to satisfy the mortgage and takes the position that since there were two mortgagees, each of them, or their representatives, must join in executing the satisfaction piece.

The court is of the opinion that *Matter of People ex rel. Eagle* v. *Keyser* (28 N. Y. 226) is ample authority for the granting of this application. There the mortgage was made to " Samuel Maycock and John Wright, executors of the estate of James Espie, deceased," and was made payable to them or their executors, administrators or assigns. The court held that whether the mortgage belonged to Maycock and Wright as private persons or as executors, after the death of Maycock, the certificate of Wright as surviving mortgagee, duly acknowledged, showing payment of the mortgage, entitled the mortgagor to have it discharged on the record.

*Matter of Blumenthal* (236 N. Y. 448), cited by the counsel for the county clerk, is not to the contrary. In that case a husband and wife, who owned real property as tenants by the entirety, sold it and received a purchase-money mortgage in part payment. The court merely held that under the facts in the case such mortgage was held by them as tenants in common. The question here involved was not before the court.

Accordingly, the application is granted.