ESTHER E. THOMAS, Plaintiff, *v.* CLARA L. LOOMIS, Defendant.

Fourth Department, May 26, 1948.

*W. G. Shankenbery* for plaintiff.

*Stanley Dresjza* for defendant.

McCurn, J.   This is a submission of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.   Plaintiff and defendant entered into a written agreement by the terms of which the plaintiff agreed to convey to the defendant four lots located in the city of Utica, New York.   The defendant agreed to pay the purchase price upon the delivery of a warranty deed and an abstract of title showing the said lots to be free and clear of all liens and encumbrances and of good marketable title.   The defendant has refused to accept the deeds and to pay the purchase price upon the ground that the plaintiff is unable to convey a marketable title.   The question in controversy is whether or not plaintiff is entitled to a decree of specific performance.

The lots in question were sold in 1923 by the City Treasurer of the City of Utica for nonpayment of city taxes.   On October 17, 1923, the city treasurer executed and delivered to the purchaser at the tax sale a deed to the said lots which deed was recorded in the county clerk's office on the following day. Section 56 of the Utica City Charter (L. 1901, ch. 577) provides for service of the notice to redeem.   It requires further that " Such notice with the proof of service thereof shall be exhibited to the treasurer prior to his issuing a conveyance of such real estate, *and the proof of service of such notice shall be recorded with such conveyance.*"   (Emphasis supplied.)   The record here shows that such proof of service of the notice to redeem was not so recorded.   The parties have stipulated that all of the requirements of the city charter pertaining to the sale of real estate for nonpayment of taxes, including the service of the notice to redeem, were complied with, except that proof of service of the notice to redeem was not recorded with the conveyance as required by section 56 of the city charter.

The failure to serve a notice to redeem is a jurisdictional defect.   Since the record here does not contain the required proof of the service of the notice to redeem, it is upon its face a void record (*People* v. *Ladew,* 189 N. Y. 355; *Ostrander* v. *Reis,* 206 N. Y. 448).   The plaintiff contends that the record here, as well as any infirmities in the deed, are cured by the following provision of section 57 of the city charter (L. 1901, ch. 577): " Every such conveyance shall be attested by the city clerk, and the seal of the city attached thereto, and when so executed shall be presumptive evidence that the sale and all proceedings

prior thereto, from and including the assessment of the lands sold, and that all notices required by law for the redemption thereof, were regular and in accordance with the provisions of law relating thereto. After one year from the date of such conveyance, such presumption shall be conclusive.''

The Legislature cannot legalize a conveyance which is void because of jurisdictional defects but it may, nevertheless, ''* * * legally enact a Statute of Limitations to prevent the assertion of a right to question the validity of a tax title of vacant and unoccupied lands because of jurisdictional defects in the sale and in the proceedings leading thereto, provided a reasonable time is given for the assertion of the right before the statute becomes operative. (*Meigs* v. *Roberts,* 162 N. Y. 371, 378; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748; *Halsted* v. *Silberstein* [196 N. Y. 1], *supra.*)'' (*Dunkum* v. *Maceck Bldg. Corp.,* 256 N. Y. 275, 285.)

Section 57 does not cure the jurisdictional defect indicated by the record. Construed in the light of decisions reviewing similar provisions in tax statutes, it is at most a statute of limitations sufficient to bar, after one year, any right arising from a defect to which the presumption of regularity by the terms of the section applies. It will be noted, however, that while section 57 provides for a presumption in favor of the regularity of the notices for redemption, there is omitted therefrom the statement often found in similar statutes to the effect that the presumption applies to the service, and regularity of the service, of the notice to redeem. It is apparent then that in any future action brought by the original owner, or his representative to assert his right against the holder of the tax deed or his grantee, an issue will arise as to whether section 57 of the city charter is, by its terms, a bar even as a Statute of Limitations, to the assertion of a right based upon failure to serve the notice to redeem. The fact that the defendant here has stipulated that such notice was actually served would not be binding upon the former owner in such an action.

We do not decide here whether the original owner can successfully assert his right, or whether the holder of the tax deed or his grantee could successfully defend such an action — we merely point out that the record discloses a potential basis for such an action and that substantial questions of law and fact are presently forseeable. Specific performance will be decreed only when the plaintiff can convey a marketable title. A title subject to future litigation or open to a reasonable doubt is not a marketable title (*Fleming* v. *Burnham,* 100 N. Y. 1;

*Heller* v. *Cohen,* 154 N. Y. 299, 306, and cases cited; *Hilliker* v. *Rueger,* 219 N. Y. 334, 341; *Lynbrook Gardens, Inc.,* v. *Ullmann,* 291 N. Y. 472, 477).

We conclude that the plaintiff is unable to convey a marketable title, that specific performance should not be decreed, and that the defendant should have judgment in accordance with the terms of the submission, without costs.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Submitted controversy determined in favor of the defendant, without costs.