## COMBS, Estate of, In re.

Ohio Appeals, Second District, Franklin County.

No. 4335.   Decided September 28, 1949.

Willis H. Liggett, Columbus, for executrix-appellant.

Hon. Hugh S. Jenkins, Hon. Herbert S. Duffy, Attys. Genl., Robert W. Levering, Robert E. Younger, Columbus, for the Department of Taxation of Ohio, appellee.

### OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Probate Court of Franklin County, Ohio, sustaining exceptions filed by the Department of Taxation to the determination of the inheritance tax assessed against Ethel A. Combs, the widow, on her succession to the interest of the deceased husband in a bank account, a promissory note and U. S. Government bonds. The bank account was a joint and survivorship checking account in the name of the husband and wife. The promissory note and the bonds were held jointly by the husband and wife. Inasmuch as the money loaned for which the note was given and the money used to purchase the bonds came from the checking account it is conceded that the tax on the note and bonds will be controlled by the determination of the tax on the checking account.

The checking account was opened in 1931. From 1931 until June 26, 1948, the date of the death of the husband, the record shows that the husband deposited his earnings and profits from his business in the checking account. Against this account checks were issued in payment of family expenses and for investment purposes. The balance in the account fluctuated. The record shows that on October 9, 1943, the balance was $4678.70. On January 30, 1946, it had increased to $26,647.92. On June 13, 1947, the balance was only $3418.00 and increased again to $36,790.69 on June 26, 1948, the date of the husband's death. The fluctuation in the account was caused by large deposits made by the husband and checks issued against the account in large amounts, presumably for investment purposes.

The testimony of Mrs. Combs was to the effect that for at least twenty years of the thirty-nine years of her married life she earned on the average of $25.00 per week as a musical entertainer and teacher. She testified she made deposits occasionally of small amounts in the account, but the time of making the deposits and the amounts were not stated. Moreover, she testified positively that after she and her husband acquired a residence most of her earnings were used for home and family expenses. The record shows that the residence was acquired before the joint account was opened.

On the basis of this evidence the trial court found that the entire balance in the checking account had been contributed by the husband and held that the entire amount was taxable as a succession, and, also, the entire amount of the note and bonds.

We cannot say that the judgment of the trial court is not sustained by the evidence.

The donative portion or the amount of the account which was not contributed by the one who succeeds to the account is taxable. **Sec. 5332, Par. 5, GC; Tax Commission v. Hutchinson, 120 Oh St 361, 369,** 166 N. E. 352.

Finding no error in the record prejudicial to the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.