EVANS, SR., ESTATE OF, IN RE. BOWERS, APPELLANT, *v.* EVANS, EXTRX., APPELLEE.

Ohio Appeals, Third District, Allen County.

No. 1180. Decided July 18, 1961.

*Mr. Mark McElroy*, attorney general, and *Mr. Robert J. Kosydar*, assistant attorney general, for Tax Commissioner.
*Mr. John R. Evans*, for Ruth M. Evans, executrix.

YOUNGER, J. The Tax Commissioner of Ohio has brought this appeal from a finding by the Probate Court of Allen County which held that government bonds of the value of $9,215.65 were purchased out of the funds of the wife only and that there was no property or succession passing to the wife at the death of her deceased husband. The finding of the Probate Court was based upon the undisputed fact that the bonds in question were purchased by the wife from funds given her as Christmas or anniversary presents from time to time by her husband and that she took title to such bonds in the name of "Ruth M. Evans or Ernest S. Evans."

The holding or finding of the Probate Court was evidently based upon the argument advanced by the wife, that since she had the right during her husband's life to cash these bonds at her pleasure and use the funds derived therefrom for any purpose which she might choose, that upon his death she succeeded to nothing which she did not possess previous to his death. The Tax Commissioner, however, argues that during the life of her husband the wife possessed only a joint interest in the bonds which could be and would be defeated by action of her husband in cashing the bonds and that upon his death she succeeded from a joint right to a complete and absolute right over such bonds and that therefore under the inheritance tax laws there was a succession, from such joint to an absolute right, and that therefore the succession is taxable.

The Ohio General Assembly amended Section 5731.02 (E) of the Revised Code, effective June 17, 1957, to read as follows:

Section 5731.02, Revised Code, Levy of tax; successions subject to tax.

A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

(Inter alia.)

(E) Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and en-

joyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will; *provided when the persons holding said property jointly are a husband and wife, the survivor shall be deemed to have a succession taxable to the extent of one-half the total value of the property without regard to enhancement.*

The change made by the amendment is emphasized. Prior to the amendment Section 5731.02 (E), Revised Code, read as follows:

Section 5731.02, Revised Code, Levy of tax; successions subject to tax.

(E) Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will.

Previous to this amendment the taxation for inheritance tax purposes of government bonds, bank accounts, etc., held jointly by husband and wife, were subject to various interpretations by the Probate Courts of Ohio. However, as a handy rule of thumb, most Probate Courts held that one-half of such funds were taxable and the amendment above quoted was secured by the Code Committee of the Probate Judges Association to make such taxation uniform throughout the state.

It is argued by the appellee that the amendment is unconstitutional in that it creates a special classification where the joint owners are husband and wife and where enhancement cannot be shown. The appellee further argues that, for instance, if the joint owners of government bonds or bank accounts happen to be four brothers, that after the death of one of such joint owners, the remaining brothers may show that the deceased added nothing to their joint interests, that the enhancement of such funds was entirely the result of the efforts of the

surviving brothers, and that there was therefore no taxable succession.

We are not impressed with this argument as it must be admitted that as between husband and wife there is an entirely different and an intimate relationship recognized by the law, ex necessitate, in many and various instances. The value of the services of a wife in maintaining the home, in the rearing of children, in creating and maintaining a social standing, and the intimate relation existing between husband and wife cannot be measured or be evaluated in dollars and it would be most difficult for any Probate Court to find what such services were worth and to what extent such services enhanced the value of the property accumulated.

Article XII, Section 2, of the Constitution of Ohio, provides in part:

"Land and improvements thereon shall be taxed by uniform rule according to value."

There is no corresponding constitutional inhibition as to personal property. The Constitution also provides that the inheritance tax need not be uniform but that larger or smaller and direct or collateral succession may be taxed at different rates.

We are of the opinion that the amendment above set forth is a fair and reasonable exercise of the legislative authority, that it does not set up any special classification, not of uniform application throughout the state, and that such amendment is therefore constitutional.

The evidence upon which the Probate Court acted further shows that these bonds, after their purchase, were kept in a safety deposit box rented in the name of the wife. We do not believe this fact has any significance in the settlement of the question here involved. The rights of the husband and wife, being contractual rights, were established at the times the various bonds were purchased and title thereto taken, and such rights, being enforceable, were not dependent upon whether such bonds were kept in the safety deposit box of the wife or that of the husband and were certainly not dependent upon any particular place that such bonds were kept. The locus in quo is therefore not controlling. It is not even germane.

We think that the question herein involved has been definitely settled by a decision of the Supreme Court of Ohio, not cited in the briefs but by which we are bound, in the case of *Tax Commissionr of Ohio* v. *Hutchison*, 120 Ohio St., 361, in which the Supreme Court held:

"We are of opinion that by the death of James Hutchison there was an accrual to Letitia Hutchison of an exclusive right to the entire fund which she did not theretofore possess."

The Court further held that one-half of the fund was "donative in character" and was subject to the succession tax imposed under the inheritance tax laws.

We are therefore of the opinion that the judgment of the Probate Court, that one-half of the amount of such government bonds is not taxable, must be reversed and the cause remanded for further proceedings in accordance with this opinion.

GUERNSEY, P. J., and MIDDLETON, J., concur.