JOHN P. SHELTON, Respondent, *v.* CHARLES KIPPER et al., Appellants.

Third Department, November 22, 1961.

*Peter N. Buono (John M. Rennell* of counsel), for appellants.

*Robert Eckelberger, Jr. (Robert J. McCarthy* of counsel), for respondent.

GIBSON, J. Defendants appeal from the summary judgment awarded plaintiff in an action for specific performance of a contract for the sale of real estate.

The defendant vendors, while willing to perform, were unable to produce a certificate of satisfaction, such as plaintiff's attorney would approve, of an unrecorded mortgage, believed by defendants to be lost, executed by the vendors to John Fox, since deceased, and Ann Fox, his wife; plaintiff demanding a certificate executed by Ann Fox and by all of the distributees of John Fox and rejecting defendants' proposal to furnish a certificate executed by Ann Fox and but three of the other four

distributees. Later, plaintiff was willing to accept a certificate thus executed, and the order appealed from provides therefor, but apparently defendants then could not, or at least did not, produce it.

The decision at Special Term discussed the particular rule of survivorship laid down in *Matter of Kane* (246 N. Y. 498, 504, mod. 247 N. Y. 219) and other cases and considered the impact thereon of section 56-a of the Domestic Relations Law (see *Matter of Schlesinger,* 22 Misc 2d 810, 812); but that section was not retroactive (see L. 1959, ch. 580, § 2) and on this appeal the parties do not address argument to the rule or to the statute, neither of which seems to us apposite in any event.

Defendants offer some proof of payment of the mortgage, but marketable title, to which plaintiff is entitled (3 Warren's Weed, New York Real Property, p. 367, and cases there cited), cannot be predicated upon extrinsic proof in this action, to which only one of decedent's distributees is a party. (*Fleming* v. *Burnham,* 100 N. Y. 1, 10; *Thomas* v. *Loomis,* 273 App. Div. 680, 682.) Additionally, defendants' argument overlooks the possibility of a later recordation of the mortgage now unaccounted for.

Defendants argue, further, that " regardless of the ownership of the ＊ ＊ ＊ mortgage ＊ ＊ ＊ a discharge may be signed by any one of the persons named as mortgagees ", and cite paragraph (c) of subdivision 1 of section 321 of the Real Property Law and *Matter of Tripp* v. *County Clerk of Nassau County* (173 Misc. 1016). For the reasons hereinafter indicated, we consider that recordation under section 321 of a certificate executed only by the surviving mortgagee would be insufficient to render title marketable; and point out that the *Tripp* case (*supra*) and, of course, *People ex rel. Eagle* v. *Keyser* (28 N. Y. 226), upon which the decision in *Tripp* was predicated, were decided prior to the enactment of the present section 321 of the Real Property Law by chapter 873 of the Laws of 1948. The Law Revision Commission, in recommending the enactment of the present section 321, while observing that " the marking of a discharge on the record of a mortgage has no effect on the substantive rights of the parties ", considered it " important that the rules set forth in the statute for the guidance of recording officers should, as far as possible, conform to the applicable rules of substantive law ", but recognized that " it is impossible to draft a statute which will wholly conform to this ideal ". (1948 Report of N. Y. Law Rev. Comm., pp. 65, 72, 85.) Assuming, *arguendo*, that the rule of *Eagle* as reiterated in *Tripp* still obtains (and cf. Reps. of

Law Rev. Comm., for 1948, pp. 111–121, and for 1946, pp. 822–825), the difficulty is that each case involved a mortgage which was physically existent, or at least recorded, and thus the nature of the ownership was apparent, as were any conditions relating to it; while in this case the incomplete, purported abstract of the mortgage affords no certain information as to the designation of the parties or as to any other conditions or provisions affecting ownership, payment or discharge. For the very same reasons, the suggested certificate of satisfaction could not qualify for recordation under paragraph (c), above cited, which permits execution by one of multiple mortgagees or assignees in certain cases but requires the signatures of all the mortgagees or assignees under other specified conditions.

If it be assumed, nevertheless, that the certificate proposed by defendants would be recordable under paragraph (c) of subdivision 1, or even under paragraph (b) of subdivision 2, and if it be assumed, further, that the statute is expressive of the substantive law, the act of recordation would still be ineffective, to the extent that the rights of claimants are preserved by subdivision 6, and in this case, certainly, could not become conclusive in the face of plaintiff's notice of the mortgage and of possible infirmities in the proposed certificate of satisfaction.

Appellants' additional contentions do not seem to us to have merit and do not require discussion.

The judgment and order should be affirmed, with costs to respondent.

BERGAN, P. J., COON, HERLIHY and TAYLOR, JJ., concur.

Judgment and order affirmed, with costs to respondent.