Will E. Honeyman, a resident of this state, died April 1st, 1918. From the assessment of transfer tax in respect of his estate, made by the comptroller, separate appeals have been taken by the board of home missions of the Presbyterian church, and the board of foreign missions of the Presbyterian church. A single issue is involved, identical in both appeals, which have therefore been heard together.
About five years before his death decedent gave or transferred to each appellant the aggregate sum of $6,000, each in three separate amounts and transactions, and on separate dates, covering a period of some two months. In each transaction the donee, as and in consideration for the transfer, *Page 639 
agreed to pay a specified annual sum to the donor during his life and to his wife for her life, if she survived him. This specified annual payment in each case amounted to six per cent. of the donor's gift. Each transaction was evidenced by a written agreement reciting that the board received the sum "as an absolute gift, subject only to the agreement" by the board to pay the annual sum mentioned.
The comptroller has held these several gifts taxable under section 1, subsection 3 of the Transfer Inheritance Tax act (Comp. Stat. of N.J. p. 5301, and amendments), as a transfer intended to take effect in possession or enjoyment at or after the death of the transferor. The sole issue on these appeals is as to whether or not such ruling was erroneous. Concededly, the tax is not sustainable on any other ground. Concededly, also, if the transfers are taxable, the computations and assessments have been correctly made.
A transfer by a deed of trust under which the trustee is to pay the income from the corpus to the donor during his life, and to pay the corpus to certain persons at the death of the donor, is a transfer "intended to take effect in possession or enjoyment at or after the death" of the transferor, and, therefore, taxable.Carter v. Bugbee, 91 N.J. Law 438; affirmed, 92 N.J. Law 390.
So, also, where the transfer is for the benefit of the transferee, but with the provision that the transferee shall pay to the transferor for life the income (or a portion thereof) from the property transferred. American Board, c., v. Bugbee,98 N.J. Law 84; affirmed in Congregational, c., Society v.Bugbee, 3 N.J. Adv. R. 335.
And this is so whether the provision whereby the beneficial enjoyment is reserved to the donor, or rather is withheld from the donee until the death of the donor, is contained in the instrument of transfer, or is evidenced in some other way. The question is not of the form but of the substance of the transaction. So, the transfer was held taxable in Reish, Admr., v. Commonwealth, 106 Pa. St. 521, where it was evident, from the condition of a bond given by the donee to the donor, that the transaction, in fact, consisted of a gift or transfer *Page 640 
with an agreement that the donee should pay to the donor during his life a portion of the income from the property transferred. So, also, In re Estate of Harvey, 2 N.J. Mis. R. 247, where the donor transferred a residence which the donee contemporaneously agreed to let the donor occupy rent free during his life, and where the donor gave $25,000 in cash, on which sum the donee contemporaneously agreed to pay the donee five per cent. interest during his life (obviously a loan at interest for the donor's life and a gift at his death).
Based upon these cases (and similar adjudications in other jurisdictions) an argument by analogy is readily erected, that any transfer in a transaction whereof the net substance and result is that the transferor is provided with an income for life equal to, or greater than, the income which he could have derived by way of annual income from the property transferred by him (if he had kept it instead of transferring it) is a transfer coming under the terms of the statute and taxable. But is such an argument sound?
It must be conceded, of course, that an absolute outright gift (not made in contemplation of death) is not made taxable by the statute. It must equally be conceded that a transfer, for which consideration is received by the transferor, is not per se
taxable under the statute, whether such consideration be equal to, greater or less than, the value of the thing transferred. Nor does it matter that it be the intent and expectation of the transferor in such a case, that he will be as well off, or better off, for the rest of his life, as the result of such transaction. No one will contend that the ordinary sale and conveyance of a house would be taxable because the grantor intends and believes that the consideration received by him will be equally or more advantageous for him for the rest of his life than a retention of the house, nor because the result of the transaction leaves the grantee worse off, or no better off, during the grantor's life, than if the transaction had not been made.
It must necessarily be true that since a transfer (absolute, outright and immediate) is not per se taxable whether by way of gift or for adequate or excessive consideration, then *Page 641 
such a transfer for consideration less in value than the thing transferred is not per se taxable, as, for instance, if a father should convey to his son a large residence worth $50,000 in exchange for a small residence worth only $10,000. This would be true whether the transaction was intended and regarded by the parties as a sale for adequate consideration (where, for instance, contemplated public improvements rendered it probable that the $10,000 house would in the course of a few years increase enormously in value, and the father desired to have the possibility of such larger profit while the son preferred to have the smaller but certain profit), or whether the transaction was in substance a gift of $40,000 by the father to the son. If an actual gift of a $40,000 property by the father to the son would not be taxable, it would not become taxable merely because it took the form of a transfer of a $50,000 property in exchange for a $10,000 property.
In such a case can it make any difference what the form or nature of the property transferred, or the consideration received, may be? If the exchange of the two residences be not taxable, why should a payment of $50,000 in money in exchange for $10,000 in money be taxable? Or a payment of $50,000 in money in exchange for anything, whatever it might be, worth $10,000? Would the transfer be taxable if the son, in exchange for the $50,000 house (or in exchange for $50,000 in cash), purchased from a life insurance company for $10,000 its policy or contract whereby it promised the father to pay to the father for the rest of his life an annual sum which was, in fact, equal in amount to the annual interest (at legal or usual rate) on $50,000? And if the transfer would be taxable under those circumstances, would it become taxable if, instead of purchasing such annuity from a life insurance company, the son gave to the father his own promise to pay him such annuity?
The answers to all these questions must be in the negative, unless by the terms of the statute such transfers are made taxable. *Page 642 
The criterion set up by the statute is this: Is the transfer one which is intended not to take effect in possession or in enjoyment until the transferor's death. If so, it is taxable — otherwise not. The statute does not say that the transaction is taxable if it is such that the result thereof is to leave the transferor with an annual income for life equal to or greater than the annual income which he would or could have derived from the property transferred had he retained it, nor if it be such that the result thereof is to impose upon the transferee an annual expense for the life of the transferor equal to or greater than the annual income derivable by the transferee from the property transferred. Hence, it must needs be immaterial whether or not either or both these results are accomplished by the transaction provided the transaction be not one comprising a transfer intended not to take effect in possession or enjoyment until after the transferor's death.
In the present case if the decedent having $12,000 which he desired to give to these two donees provided he could in some way assure himself of an annual income for life equal to that which he could get from the $12,000 if he did not give it away, had therefore himself purchased from a life insurance company an annuity payable to himself of $720 per year (equal to six per cent. on the $12,000), at a cost of, say, $4,000, and had then given the $8,000 balance to the two appellants, no one, I think, will contend that the gift would have been taxable. Precisely the same result, both as affecting the donor and the donees, would be obtained if the donees had bought the annuity for the donor and exchanged it for the $12,000; and, as I have already indicated, it seems clear that the transaction in that form would still not be taxable. By two other forms or methods the same net financial results ensue to both parties — (1) where the donees give their own promise to pay the annuity to the donor, in exchange for the $12,000, and (2) where the donees agree to pay to the donor for his life the income derived from the $12,000. In the latter case (2) it is settled that the transfer *Page 643 
is taxable. What is the dividing line? and on which side does case (1) fall?
The distinction, I think, rests on whether or not the donor retains, or, rather, whether the donee is deprived of an interest of some kind, whether as to principal or income or both, in the very property transferred, until the donor's death. Even though immediate possession pass to the donee, if the donor (or some third party) is to receive interest on the sum transferred, or the income, or part of the income, arising from the property transferred or from other property which the donee might substitute in place thereof (the same corpus though changed in form), or a sum equal to the whole or a part of income arising from such corpus (the same income though in another form), in any such case the intent is clear that the enjoyment (in whole or in part) of the thing transferred is intended not to take effect until the donor's death. But where the enjoyment of the thing transferred is in nowise delayed until the donor's death, notwithstanding that the donee's entire net income may be in nowise increased, or may be even diminished, until the donor's death, the transfer is not taxable.
Judged by this standard, then, where a transfer is made, immediate as to title and possession, it is not taxable unless there is some condition, reservation or provision by which some interest in, or identifiably tied up with, the very thing transferred, is reserved from the donee until the donor's death.
In the case at bar the transfer to the donee is immediate and absolute. There is no restriction or encumbrance on what the donee may do with the thing transferred, from the very moment of the transfer. The promise of the donee to pay to the donor for life an annual sum which is, in fact, equal to six per cent. of the value of the thing transferred, is entirely separate from and independent of the thing actually transferred. Whatever may hereafter happen to the thing transferred, whether it be by investment and reinvestment increased or diminished, or entirely lost, whether the *Page 644 
income received therefrom by the donee increases or decreases or vanishes, in nowise varies or affects the obligation of the donee under its promise or contract.
The agreements evidencing the several transactions each recite that the gift is paid and received "as an absolute gift (subject only to the agreement on the part of the said board hereinafter expressed)," to wit, the agreement to pay the annuity. Respondent contends that this language indicates or affects a condition or reservation of interest in the subject-matter of the gift. I do not so construe it. The natural meaning, and, hence, the intent of the parties thereby, seems to me to be that the parenthetical clause qualifies the word "gift"; it is intended to explain that a gift was intended as to the value of the thing transferred in excess of the value of the annuity promised in consideration.
I conclude, therefore, that the gifts under review, with the exception of one thereof, hereinafter noted, are not taxable under our statute. A similar result was reached In re Edgerton'sEstate, 54 N.Y. Supp. 700.
One of the gifts, that of $2,000, made November 19th, 1912, to the board of home missions, differs from the others in this respect: the agreement as to this gift is that it is "to be devoted to such uses and purposes as are hereinafter provided," and among the specified purposes is the payment of the annual sum of $120 to the donor for life. This gift, I think, clearly comes within the statute and is taxable, and appellants, indeed, do not strongly argue otherwise.
In the appeal of the board of foreign mission the assessments must be set aside absolutely.
In the appeal of the board of home missions the assessment must be sustained as to the gift of $2,000 of November 19th, 1912, but set aside absolutely as to the remainder. *Page 645