George Schlegel died in 1928, a resident of New York, leaving some property in New Jersey. The comptroller assessed a transfer inheritance tax of $1,110.66, and appeal *Page 325 
is taken on two grounds — first, that no tax is leviable in respect of this estate; and second, that if a tax be leviable it has been incorrectly computed.
Decedent in 1922 executed and delivered a deed of trust comprising real and personal property of the value of almost $1,000,000 — including real estate in New Jersey valued at $164,900. Stated substantially, the decedent thereby gave to his wife an equitable estate for her life, in the trust property, terminable prior to her death, however, if she should remarry after his death. Following the wife's estate, he gave another estate to his two children (or their issue), terminating at the death of the survivor of his wife and himself; and following that, a remainder to his children and/or their issue (or others in default of issue).
The wife and children all survived the donor; the widow has not remarried.
No tax was assessed in respect of the life estate given to the wife; but a tax was assessed in respect of the remainder interests on the ground that by this deed of trust the decedent had made a transfer (as to the remainder interests) intended to take effect in possession or enjoyment at or after the death of the transferor, and that a tax was therefore leviable under section one, subsection third, of the New Jersey statute. P.L.1909 ch. 228, and amendments.
There can be no question but that there was effected by this deed of trust (if the several gifts therein be separately considered) a transfer of the corpus to the children intended to take effect in possession or enjoyment by the children at or after the donor's death; and that such transfer comes within, and is made taxable by, the express terms of the statute.
If, however, the several gifts provided by the deed of trust be considered not separately but as a single whole transaction, it is clear that the real substance and effect of the transaction is a present gift, immediately operative, whereby the donor divested himself absolutely and completely of all interest in the property. He retained no power of revocation, no possibility of any reversionary interest, and did not receive *Page 326 
back anything in exchange — much less anything which might be argued as amounting in effect to an equivalent of a life interest to himself.
It has repeatedly been held that in determining the taxability of a particular transfer, the whole transaction is to be considered rather than a particular part thereof, and that the substance is to be considered rather than the form. See, for instance, In re Russell, 104 N.J. Eq. 578; 146 Atl. Rep. 361;affirmed, sub nom. City Bank, c., Co. v. McCutcheon, 8 N.J.Mis. R. 547; 151 Atl. Rep. 78; affirmed, 108 N.J. Law 185;154 Atl. Rep. 626. This principal must be equally sound, irrespective of which party to the controversy is benefited as the result of its application.
Reduced to its simplest terms, there was in the instant case a gift of a life estate for the life of the donor followed by a gift of the remainder, after such life estate. If the life estate had been for the life of the donee instead of for the life of the donor, the remainder would not be taxable, as respondent concedes: the respondent has never sought to tax the remainder in such a case. In practical effect, from the standpoint of the donor and from the point of view of the general object and design of the taxing statute, there is no difference between the two cases. In each there is an immediate, complete and absolute present gift by the donor of the entire property and all interest therein; in neither is there any intent or attempt to reserve to the donor until his death the substantial enjoyment of the property, or any part thereof, or anything equivalent thereto. From the point of view of the donor and of the general object and design of the statute, the transfer in each of the two cases is in substance just as much a present, absolute and complete gift of the entire property, as it would have been if made to a single donee; neither one is a transfer in lieu of, or substantially equivalent to, a testamentary disposition.
The legislature did not intend, nor does the statute purport, to tax gifts or conveyances in praesenti. Cf. In re Honeyman,98 N.J. Eq. 638; 129 Atl. Rep. 393; affirmed, sub nom. Bugbee v.Board of Home Missions, c., 4 N.J. *Page 327 Mis. R. 99; 131 Atl. Rep. 924; affirmed, 103 N.J. Law 173;134 Atl. Rep. 915.
Since that which, in form and separately considered, is an immediate and complete transfer but which, in substance and as a whole, is a transfer to take beneficial effect at the grantor's death with a reservation of enjoyment to the grantor for his life, is taxable — as in the Russell Case, supra — then that which, in form and separately considered, is a postponed transfer, but which, in substance and considered as a whole, is an immediate and complete transfer with no reservation, should not be taxable.
It is deemed that the legislature did not intend to tax a particular separate transfer, which is simply a part of a single transaction amounting as a whole to a complete transfer inpraesenti — where the donor is at once completely divested of any and all interest, present, future or contingent, and receives back nothing in anywise equivalent to any such interest.
The reasons for this conclusion are more fully set forth in Inre Brockett, 111 N.J. Eq. 183 (at pp. 186, 189) — to which reference may be made in lieu of repetition. (In the BrockettCase, because of some differentiating circumstances, an express determination of the present question was not required and was not made.)
There is no contention that the deed of trust was made in contemplation of death.
It is concluded that the transfer sub judice was not taxable, and that the tax should be set aside. It is therefore not necessary to consider the second ground of appeal. *Page 328