JOHN H. KOCH, TRUSTEE UNDER A TRUST INDENTURE MADE BY GEORGE SCHLEGEL, DECEASED, RESPONDENT, v. JOHN McCUTCHEON, COMPTROLLER OF THE TREASURY OF NEW JERSEY, PROSECUTOR.

Submitted January 27, 1933—Decided July 25, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *William A. Stevens,* attorney-general (*William A. Moore,* of counsel).

For the respondent, *John Trier.*

The opinion of the court was delivered by

LLOYD, J. The writ is to review a decree of the Prerogative Court which reversed an assessment by the comptroller of an

inheritance tax on property conveyed by George Schlegel, now deceased, by a deed of trust to one Koch.

Schlegel died in 1928. He was a resident of New York, but left some property in this state upon which the comptroller assessed the tax. In 1922 Schlegel executed the deed of trust comprising real and personal property valued at approximately $1,000,000. Included in this was the real estate in New Jersey valued at $164,900. The property conveyed, consisting of stocks, moneys and real estate, was transferred to Koch in trust to permit the donor's wife to use the real property in this state and to receive the income from the remainder of the trust property for her lifetime or until her remarriage. Upon the death or remarriage of the wife the income went to the children, the trust terminating at the death of the survivor of the donor and his wife by the vesting of the *corpus* of the estate in the children.

The wife and children all survived the donor and the widow remained unmarried. The life estate of the wife was not assessed but the remainder interests were assessed under chapter 228 of the laws of 1909 as amended by chapter 228 of the laws of 1927, which provides that a tax shall be imposed upon the "transfer  *  *  *  of real property within this state, of goods, wares or merchandise within this state, made by a non-resident by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or *intended to take effect in possession or enjoyment at or after such death."*

It was recognized in the opinion of the learned vice-ordinary that there was effected by the deed, if the several gifts therein mentioned were to be separately considered, a transfer of the *corpus* of the estate to the children to take effect in possession or enjoyment by the children at or after the donor's death, and that such transfer comes within and is made taxable by the express terms of the statute, but the opinion proceeds to hold that viewing the trust as a whole the case does not fall within the spirit and purpose of the act, and therefore that the tax was not assessable.

We do not agree with this latter view. There can be no

doubt that the transfer was strictly within the plain letter of the statute, and we think, even if the court be permitted to disregard the direct and clear enactment of the legislature, equally within its spirit and purpose.

The case presents a typical one of a donor possessed of large property interests denuding himself of his possessions and placing them in the friendly hands of his immediate family, taking care to see that they do not get away from his own superior control as head of the family during his lifetime. To avoid the intervention of any disturbing influences he took pains to see that no future husband of the wife should enter to disturb the potential control which he had so carefully preserved, and while he took no title to the *corpus* back to himself, he sedulously secured it against waste or consumption in his own lifetime, so that even such an untoward event should not place its usufruct beyond his call.

That the statute was intended to cover all transfers coming within its terms we think is clear, and that the courts will so construe it and circumvent all evasions to thwart that intent is also clear from the opinion of this court in *Plainfield Trust Co. v. McCutcheon,* 8 *N. J. Mis. R.* 594; *affirmed,* 108 *N. J. L.* 201, a case in principle not unlike the present. In that case Mrs. Russell executed deeds to her husband and herself for the benefit of their children for life unless sooner terminated by the donor with remainder to the children in fee. The power reserved to divert the income and principal to persons other than the children was not exercised and it was held that the ultimate estate taking effect at the death of the donor was subject to the tax. In the course of the opinion in this court these forcible expressions appear: "Neither of them [the trustees] could retake in their own hands the funds set apart, but both were very rich. The deed enabled the parents, or the survivor, to bring absolute pressure upon their children." "No part of Mrs. Russell's property passed to the beneficiaries named in the trusts save the income they were permitted to take until after her death, *and that is the test of taxability.*"

So here there is an estate passing at the death of the donor

and so passing that is the test of taxability.  If a contrary view were taken, and the door opened to avoid the tax by unauthorized interpretations as here invoked, we would speedily have a succession of transfers into friendly hands whereby the donor could indirectly enjoy the property for life and evade the state's just claim at death.

It is said that no income was reserved to the grantor.  In literal terms this is true (though immaterial) but in substance it was otherwise.  The highest instincts of the family are to guard and protect, and, if necessary, provide for its members.  The close relation of its members could leave no doubt that the donor was placing his property in the hands of those to whom he could look with every assurance that any or all of the income would be his for the asking.  It was as to the income potentially within the donor's reach and as to the entire principal a transfer intended to take effect at his death.

The decree is reversed and the assessment made by the comptroller is affirmed.