This is an appeal from a transfer inheritance tax assessment levied by the commissioner on the transfers of the principal *Page 53 
of two inter vivos trusts which he determined were intended by decedent as transfers to take effect in beneficial possession and enjoyment at or after death. P.L. 1909 ch. 228, and amendments.
Soon after the decedent and the petitioner were married differences arose between them and they separated. She instituted suit for separate maintenance and an answer was filed. On January 24th, 1923, while the suit was pending, the parties entered into a separation agreement, pursuant to which and contemporaneously with which, decedent executed a trust agreement under which he transferred to a trustee bonds of the value of $30,000. Under the terms of this trust agreement the income was to be paid to the wife as long as she should remain the wife of the settlor; and upon the termination of the marriage for any cause whatsoever, the trust was to terminate and the corpus to be transferred to the wife, or her executors or administrators. The agreement was approved by order of the court and was adjudged a reasonable provision in gross for any claim which the complainant wife might have for alimony, maintenance or support.
On April 12th, 1923, in effecting a reconciliation, the parties agreed that Mrs. Hollander was to retain the full benefit of the previous agreement, and that she should be the sole beneficiary of a new trust fund (bonds of $50,000 value). The provisions of this reconciliation trust directed payment to the wife or her executors or administrators of the income during the husband's life and of the corpus at the time of his death.
This second trust instrument and agreement, — to which the wife was a party and which was executed by her as well as by the husband, — further specifically abrogated all of the terms and provisions of the prior trust instrument of January 24th, 1923, except those which established a trust fund for the benefit of the wife, and expressly provided that both trusts should be "terminated only at the death of the husband and not otherwise" and that "at the death of the husband and not otherwise, the wife and/or her heirs, legal representatives, estate or assigns, is to receive the principal of both trust funds." *Page 54 
Obviously both trusts were thereby made the same, — a gift of the income during the donor's life to the wife and her legal representatives and a gift to the same beneficiaries, of thecorpus at the death of the donor.
The husband retained absolutely no power of revocation or alteration in either trust; no control over either, and neither he nor his estate could receive any benefits. Under both trusts the wife became the immediate and sole beneficiary.
The question thus presented, therefore, is, — Where a donor, in his lifetime, makes a simultaneous and immediately operative transfer to one and the same donee, of a life estate for the donor's own life, in certain property and of the entire and absolute remainder therein, is the transfer of such remainder taxable under our statute as a transfer "intended to take effect in possession or enjoyment at or after the death of the transferor?"
The transfer of that remainder, — (after the life of the donor), — does of course come within the literal words of the statute. Such remainder interest can come into possession and enjoyment by the remainderman only at, and not until, the termination of the prior life estate at the death of the donor, — (as is perhaps somewhat more obvious in a case where the life tenant and the remainderman are different persons). But on the other hand, both interests are immediately and completely transferred at one and the same time and by one and the same instrument or act of transfer. In essence and in practical effect, the donor by that instrument made and effectuated a single gift or transfer of the whole estate, — his complete interest in the property; and concededly if his deed or instrument had conveyed such whole estate, expressed as a single entity instead of expressed in the two parts, the transfer would not be taxable. A complete and immediately effective gift intervivos is not made taxable by the statute, (unless made in contemplation of death). Vide the statute; also In reHoneyman, 98 N.J. Eq. 638, at 640, 129 Atl. Rep. 393, aff'd,4 N.J. Mis. R. 99, 131 Atl. Rep. 924; aff'd, 103 N.J. Law 173,134 Atl. Rep. 915. And in determining the taxability of a transfer, the substance of the *Page 55 
transfer is to be considered, rather than the form. In reSchlegel, 111 N.J. Eq. 324, at 326, 162 Atl. Rep. 651, and cases cited.
It is contended, therefore, by the present appellants, that the transfers here in question were in substance and effect complete, absolute and immediately effective inter vivos and that the transfers thereby effectuated of the remainder interests after the death of the donor, although coming within the literal terms of the statute, do not come within its purpose and intent, and hence should not be held taxable.
In In re Schlegel, supra, transfers of similar character were before this court, — a deed of trust inter vivos transferring life estates for the life of the survivor of the donor and his wife, and the remainder after the death of such survivor. It was there held, upon reasoning similar to the argument of the present appellant, that the transfer of that remainder was not taxable. That determination however was reversed by the supreme court oncertiorari, — sub nom. Koch v. McCutcheon, 111 N.J. Law 154,167 Atl. Rep. 752, and the transfer held taxable.
It is true that there were some additional circumstances present in that case which are not present in the instant case; and the present appellants contend that that determination is neither expressly nor in effect controlling and dispositive of the question in the present appeal. In this contention this court is unable to concur. The supreme court, in the opinion mentioned, expressly says, "So here there is an estate passing at the death of the donor," — i.e., the remainder after the life estates which were expressly made to terminate not until after the death of the donor, — "and so passing, that is the test of taxability." It goes on to point out that under any other view the door would be opened to tax avoidance against the express provisions of the statute; and further to state that the fact that no income was reserved to the donor is immaterial.
It is deemed by this court that the intent and effect of the determination of the supreme court in the Koch Case, is that a presently effective transfer by a donor inter vivos, of *Page 56 
a separately and specifically expressed remainder interest, where such remainder interest is expressed to commence at a time at or after the death of the donor, is taxable under our statute; notwithstanding that by the very same act or instrument of transfer the donor simultaneously transfers all other interests in the same property and thereby completely and presently divests himself of all interest or possibility of interest in the property as a whole. This same view and interpretation of that decision has also been heretofore set forth by this court in Inre Hartford, 122 N.J. Eq. 489, at 494, top, 194 Atl. Rep. 800.
That determination by the supreme court is controlling upon this court, as a statutory tribunal, in these transfer inheritance tax appeals; irrespective of whatever may have been decided in the cases in other jurisdictions which have been cited by appellants.
It may however be noted that the law seems to have been settled to the same effect in New York, under similar statutory provisions. In In re Patterson's Estate, 127 N.Y. Supp. 284,98 N.E. Rep. 1109, the court says:
"* * * I believe that the authorities sustain the proposition that a trust deed giving all the income of an estate to beneficiaries for the life of the grantor and the corpus at grantor's death, is, so far as the corpus is concerned, a transfer intended to take effect in possession and enjoyment at the death of the grantor, and therefore taxable. In such a case the beneficiary possesses and enjoys the income during the life of the grantor, but possession and enjoyment of income is not possession and enjoyment of the principal which produces that income. It seems to me that the plain wording of the statute is enough to fix taxability upon the entire corpus of the property passing by this trust deed, even if the entire income derived therefrom had gone to the beneficiaries from and after the delivery of the deed, because, by the terms of the deed, thecorpus was intended to pass into the possession and enjoyment of the beneficiaries at or after the death of the grantor." And the case was affirmed by the New York court of appeals, 204 N.Y. 677. *Page 57 
The test of taxability is not the time of the complete divesting of the transferor's interest or ownership; it is the time of the complete succession by the transferee. Where there is a transfer of a specific interest in property and the succession of the transferee does not become, and under the terms of the transfer is not to become, complete until a time at or after the death of the transferor, — that transfer is taxable. "The distinction * * * rests on * * * whether the donee is deprived of an interest of some kind * * * until the donor's death." In reHoneyman, supra, at p. 643. Cf. also In re Hartford, supra.
In the instant case, the transferor in order to make a complete gift of the entire property to his wife did not have to separate it into an estate during his own life and a remainder after his death. Obviously he made the gift in that manner, — of the two interests separately, — for his own benefit or for the benefit of his own desires and purposes. That of course he had a perfect right to do; but by so doing and obtaining such benefit, he also made the transfer of the remainder subject to the burden of the tax imposed by the statute upon such transfer.
(The reason why the donor made the gift in this manner, — as stated by appellant, is that he desired to make it impossible for his wife to spend or lose the principal and subject him to the possibility of being required to make further provision for her maintenance and support, if marital difficulties should subsequently again develop. It is evident therefore that he had a very real desire and purpose and intent to withhold from her until his death the complete and unrestricted ownership of this remainder.)
It is insisted by appellant that the transfers in question are not taxable for another reason, i.e., that there was an adequate, valuable consideration for each of them.
So far as concerns the first, or $30,000 fund, it is deemed that this contention is correct. Under the original provisions *Page 58 
as to that fund, the remainder was not made to take effect in complete possession and enjoyment at or after the death of the donor, but at the termination of the marriage from whatever cause and at whatever time. The transfer of such remainder was therefore not taxable.
By the agreement of April 12th, 1923, the provisions with respect to this trust were modified and altered so as to make that which had theretofore been an estate during marriage an estate for the life of the donor, and to make the remainder interest commence at the death of the donor. This however was the result of a bargain and agreement between the two. It was not, and could not have been, accomplished by the donor alone, because the prior trust provisions were already effective and irrevocable. That which was done was an exchange by the wife of the interests under the old trust provisions for the interests under the new trust provisions. The remainder interest which she surrendered had a very real and substantial money value; indeed it would seem the values of the two remainders were substantially equal, and that the thing she gave up to the donor was equal to the remainder she took under the new provisions.
In In re Hall, 94 N.J. Eq. 398, 119 Atl. Rep. 669, it was held that a transfer by bargain and sale or exchange, made in contemplation of death, is taxable if there results therefrom a substantial diminution of the transferor's estate. The same thing is true as to an exchange involving a transfer intended to take effect in possession or enjoyment at the transferor's death. To avoid taxability, the consideration received for the transfer otherwise taxable must be full and adequate. In re Hall, supra;Farmers' Loan and Trust Co. v. Bugbee, 6 N.J. Mis. R. 415,141 Atl. Rep. 579. Conversely, however, if consideration of financial value be received by the transferor, the value thereof should be deducted in computing the taxable value of the property transferred. This the commissioner has failed to do.
The situation may also be viewed from a slightly different standpoint. It may be said that the new provisions as to this $30,000 fund did not transfer to her anything of actual *Page 59 
value; she still retained the estate for marriage, and the remainder thereafter; she already had the interest after the donor's death because that interest would be included in the interest commencing at the termination of the marriage, — (the marriage would be as effectively terminated by the donor's death as by any other cause). Instead of receiving anything by the exchange, she gave up something, — to wit, the contingent interest for the period between the date of a possible termination of the marriage by a cause other than the donor's death and the date of the donor's death.
In either aspect, it is included that the commissioner erred in assessing a tax in respect of the transfer of the $30,000 fund.
With respect to the second, or $50,000 trust fund, however, the situation is very different. The principal consideration for this gift, as stated by appellant's counsel, is the promise and agreement by the wife to terminate the then-existing separation agreement and to resume cohabitation with her husband. This promise and agreement by the wife does not constitute or evidence any such consideration as either to render the transfer non-taxable nor to show that the tax assessed is greater than it should have been.
In the first place, the promise to resume cohabitation is not, without more, even legal consideration. Unless the wife had legal justification for living separate and apart from her husband, she was under legal duty to resume cohabitation with him, notwithstanding the separation agreement, whenever he should request it. It does not appear that she had any legal justification for living separate and apart from him against his desire and request. It does not even appear that she had anybona fide belief that she had such legal justification; hence there is no proof of a surrender of a bona fide claim which could constitute a legal consideration.
In the second place, even if her promise and act aforesaid be deemed to constitute legal consideration for his transfer, nevertheless it does not constitute such consideration as would avoid or reduce the taxability of the transfer which is otherwise taxable under the statute. To accomplish such a result *Page 60 
it must appear that the donor received consideration of actual financial value and what that value was; and the burden is on the taxpayer to do this. In re Perry, 111 N.J. Eq. 176,162 Atl. Rep. 146; In re Huggins, 96 N.J. Eq. 275, at 282,125 Atl. Rep. 27, aff'd, sub nom. Fairleigh v. Bugbee, 3 N.J. Mis. R. 1072,130 Atl. Rep. 923; aff'd, 103 N.J. Law 182, 134 Atl. Rep. 917; Inre Kraft, 103 N.J. Eq. 543, 143 Atl. Rep. 764; In re Deutz,105 N.J. Eq. 671, at 677, 149 Atl. Rep. 257; In re Hall, supra,
affirmed on this point, 99 N.J. Law 1, 125 Atl. Rep. 246;affirmed, 100 N.J. Law 405, 126 Atl. Rep. 924. It has not been done in the instant case. There is nothing in the record to show that the resumption of cohabitation, if valid consideration at all, was of any actual financial value to the transferor; nor is there any proof of any such actual financial value to the only other things mentioned in counsel's brief as alleged consideration received by the transferor, — to wit, a promise by her that if any "unhappy differences" should arise between them in future, he would not have to pay counsel fees and the income from his gift would be taken into consideration in determining alimony.
The tax on the transfer of the $30,000 fund will be set aside; that on the transfer of the $50,000 fund will be affirmed. *Page 61