GEORGE L. HARTFORD ET AL., TRUSTEES, PROSECUTORS, v. J. H. THAYER MARTIN, TAX COMMISSIONER, DEFENDANT.

Argued May 4, 1938—Decided August 15, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Pitney, Hardin & Skinner.*

For the defendant, *David T. Wilentz* and *William A. Moore.*

PER CURIAM.

This writ of *certiorari* was allowed to review a decree of the Prerogative Court affirming an assessment of transfer inheritance taxes levied by the state tax commissioner upon the ground that certain *inter vivos* transfers were made in contemplation of death and were intended to take effect in

possession or enjoyment at or after death. The tax was cal-
culated on the basis that the transfers were intended to take
effect at or after death.

The subject-matter of the litigation is a certain trust fund
created by George H. Hartford consisting of stock of the
Atlantic and Pacific Tea Company of which he was the
founder. Subsequently stock of a successor company of like
name was substituted. It is stated that the principal purpose
of the trust was to satisfy bankers to whom an application for
a loan for large scale expansion was about to be made that
control of the corporation would remain under the existing
management.

The trust agreement was executed on April 7th, 1915, and
by it Mr. Hartford irrevocably assigned six thousand nine
hundred and eighty-five shares of the common stock of the
said corporation to two of his sons as trustees. Under the
terms of the trust, the income was to be paid to the grantor
during his lifetime and thereafter, until the termination of
the trust, one-fifth to each of his five children, and, at the
death of each, to his or her respective issue, *per stirpes,* if
any; otherwise, to his or her appointees by will. Any part
of the income as to which there might be no beneficiary thus
designated was to be divided among and paid to the others.
It further provided that, upon the death of the last survivor
of grantor's five children, the stock be assigned and trans-
ferred to the living issue of each of his five children, *per
stirpes,* if any; otherwise, to the appointees by will. No right
of revocation, termination, modification or amendment was
reserved by Mr. Hartford. There was a provision that, after
his death, the trust might be terminated by the unanimous
consent of the trustees and the consent of a majority of the
children.

The trust has never been terminated and the trustees both
survive and are still acting as such as well as officers of the
corporation.

On June 1st, 1917, Mr. Hartford executed an assignment of
the income reserved to him under the trust agreement to his
five children equally. From that time on he received no

income and it was paid to the children. Mr. Hartford died suddenly on August 29th, 1917. The trust fund was not reported to the tax department because of advice that it was not taxable. Some years later, apparently in 1934, the tax commissioner learned of it and proceedings were instituted leading to the assessment of the tax. The estate received by the children during the life of their father was not taxed, but the life estates after his death and the remainders have been taxed.

We are unable to distinguish this case from that of *Koch* v. *McCutcheon*, 111 *N. J. L.* 154, wherein the facts are stated as follows:

"In 1922 Schlegel executed the deed of trust comprising real and personal property valued at approximately $1,000,000. Included in this was the real estate in New Jersey valued at $164,900. The property conveyed, consisting of stocks, moneys and real estate, was transferred to Koch in trust to permit the donor's wife to use the real property in this state and to receive the income from the remainder of the trust property for her lifetime or until her remarriage. Upon the death or remarriage of the wife the income went to the children, the trust terminating at the death of the survivor of the donor and his wife by the vesting of the *corpus* of the estate in the children."

This court there held that the "transfer was strictly within the plain letter of the statute."

Prosecutor contends that the distinguishing feature between the cases is that in the Koch case the grantor practically stripped himself of his property, whereas in the instant case Mr. Hartford retained a great deal of property, his estate being valued for tax purposes at more than three million dollars. However, we fail to see the effect of that circumstances upon the question of whether the transfers took effect after death or were intended to do so. We are of the opinion that Koch *v.* McCutcheon is controlling, and that under its doctrine the trust was taxable as a transfer intended to take effect at or after death.

Since the tax was calculated on that basis, it becomes

unnecessary to consider the question of whether or not the transfers were made in contemplation of death; likewise the remaining question dealing with the method of computation if the tax were assessed on the basis of transfers in contemplation of death.

The writ is dismissed, with costs.