The problem arises under our inheritance tax law. Testator, Arthur Schroeder, and his brother, Leslie, each owned 48 per cent. of the capital stock of a corporation. In 1937, when Arthur was 43 years old and Leslie *Page 42 
was 38, they entered into a contract with the corporation whereby it bound itself to purchase from the estate of each of them within 30 days after his death, half of his stock for $25,000. Ten years later, Arthur died and the corporation bought the agreed shares from his executor at the stipulated price. When the contract was made in 1937, $25,000 was a little more than the fair market value of the stock but by the time of Arthur's death, the post war boom had begun and the stock had increased in value to $100,000. The Tax Bureau has charged testator's estate with the $25,000 received by it under the agreement, and has levied against the corporation a transfer tax based on the excess market value of the stock as a transfer made to take effect in enjoyment or possession at death. R.S. 54:34-1(c). It is the assessment against the corporation that is questioned on the appeal.
While our statute, paragraph (c) of section 1, literally construed, seems to impose a tax on all transfers which are made in contemplation of death, or which are intended to take effect in possession or enjoyment at death, our courts have recognized that the dominant legislative purpose embodied in this paragraph is to reach substitutes for testamentary gifts. In re Kraft,103 N.J. Eq. 543 (Buchanan, V.O. 1928); Perry v. Martin,125 N.J.L. 46 (Sup. Ct. 1940). The transaction now under consideration was not of that character. The purpose of the contract was to assure that whichever brother survived, he would have control of the business, and to assure to the estate of the deceased brother liquidation at a fair price, of a substantial part of his stock in the family enterprise. But a transfer that is intended to take effect at death is regarded as if it were a substitute for a testamentary disposition, and taxable, unless the decedent or his estate receives a consideration of actual financial value and in such an amount that the transferrer's estate is not substantially diminished. In re Hollander,123 N.J. Eq. 52 (Buchanan, V.O. 1938). If there is a consideration of money value but not equal in amount to the property transferred, the transfer is taxable only to the extent it is a gift. If there is full consideration, the transfer is not taxable at *Page 43 
all, since the legislature intended to tax only transfers of a donative nature. Hagy v. Kelly, 135 N.J. Eq. 436 (Jayne,V.O. 1944).
In the instant case, when the bargain was made in 1937, $25,000 — or the company's promise to pay that sum — was fully equal to the value of the shares which were the subject of the sale; but when the transfer took effect in possession and enjoyment in 1947, $25,000 was equivalent to only one-quarter of the value of the shares. Which date shall be taken in order to determine whether the transfer is taxable?
What impresses us most is the result of the transfer, that Mr. Schroeder's executors received only $25,000 in the place of property worth $100,000 that testator had full enjoyment of until his death. That is how the business turned out. In our opinion it is the outcome that should determine the taxable character of the transfer rather than the motives or the intentions that the parties had in 1937. We find that the transfer to the corporation is taxable under our statute to the extent that the market value of the stock exceeds the consideration paid. None of the cases cited by counsel presents a situation close to that which we have before us. Grell v. Kelly, 132 N.J.L. 450 (Sup. Ct. 1945), modifying 134 N.J. Eq. 593, dealt with an agreement to sell "on demand," and not one intended to take effect at death. In reDeutz, 105 N.J. Eq. 671 (Buchanan, V.O. 1930), had for its subject an agreement for sale at a price to be derived by a formula that excluded good will, and indicated an intention to make a gift of the good will. In re Orvis, 223 N.Y. 1;119 N.E. 88 (1918), was of the same character. Other cases cited, such as In re Cory, 164 N.Y.S. 956; affirmed. 221 N.Y. 612,117 N.E. 1065 (1917), had to do with options.
The action of the Tax Bureau is affirmed. *Page 44