The issue presented by this appeal is whether transfers made by the decedent, Edward Bose, in 1920, were properly taxed as transfers intended to take effect in possession or enjoyment at or after his death. See R.S. 54:34-1 (c).
In 1920 the decedent, president of the United Cork Companies, transferred to his wife, Emma C. Bose, 3,700 shares of its common stock held by him. In 1922 the decedent, at the suggestion of his attorney, executed a formal trust instrument which designated his wife as trustee and created trusts for his sons, Henry H. Bose and Edward R. Bose and his daughter, Annette D. Bose. At that time the decedent was fifty-six, Henry H. was eighteen, Edward R. was fifteen and Annette D. was seven, years or age. The trust instrument set forth that, in consideration of the love and affection which he bore to his children, the decedent did thereby transfer to the trustee the corpus specified in Schedules A, B and C annexed thereto. Schedule A provided that the corpus of the trust for the benefit of Henry H. was "1,000 shares Common Stock United Cork Companies" to be issued in the name of Henry Helmer Bose, Emma C. Bose, Trustee; the corpus of the trust created for the benefit of Edward Ralph Bose was 1,000 shares to be issued in the name of Edward Bose, Jr., Emma C. Bose, Trustee, and the corpus of the trust created for the benefit of Annette Dorathea Bose was 1,000 shares to be issued in the name of Annette Dorathea Bose, Emma C. Bose, Trustee. At the same time, 3,000 shares of the common stock theretofore received by Emma C. Bose from the decedent were transferred to her name as trustee for the children.
The trust instrument provided that if his wife resigned the decedent would have the power to designate a successor trustee and that if his wife predeceased him he would act as *Page 269 
successor trustee. The trust for the benefit of Henry H. was terminable upon the joint consent of Henry H. and the decedent and, in that event, the trust reverted to the decedent. The trusts for Edward R. and Annette D. were terminable upon the joint consent of the beneficiaries, the trustee and the decedent and, in that event, the trusts reverted to the decedent. Each child was to receive the corpus of his trust when reaching the age of thirty-five and, in the meantime, the trustee was authorized to expend for his benefit so much of the income as the trustee deemed advisable or necessary.
Henry H. attained the age of thirty-five in 1938 but, despite the terms of the trust instrument, his trust was not terminated and the corpus was not transferred to him. In 1939 a further instrument was executed by the decedent, the trustee and the beneficiaries which amended the 1922 instrument to provide that the trust for the children shall terminate when Annette D. attained the age of thirty-five or, in the event of her earlier death, on the date she would have attained that age. On the day that the amendment was executed, the decedent also executed his last will and testament. As a result of the amendment, the distribution of the corpus of the trust was deferred until 1950; the decedent died in 1945 at the age of seventy-nine. Not only was the corpus actually retained in the trust until after the decedent's death, but most of the income was similarly retained. Prior to 1935 no income distributions were made directly to the children; thereafter, they received the nominal sum of $1,000 each annually. A summary of income and expenses of the trust discloses that the excess of revenue over expenses, losses and distributions amounted to $405,012.59 as of December 31, 1944.
The appellants contend that, under the trust instrument of 1922, as amended in 1939, the possession or enjoyment of the trust estate did not, in terms, depend on decedent's death and that, consequently, R.S. 54:34-1 (c) is inapplicable. In determining the issue of taxability under R.S. 54:34-1 (c) we are not confined to the terms of the instrument or the legal form of the transfer; we are obliged to determine *Page 270 
whether, in the light of all the pertinent circumstances, the transfers were, in substance, actually intended to take effect in possession or enjoyment at or after the decedent's death. SeeKoch v. McCutcheon, 111 N.J.L. 154, 156 (Sup. Ct. 1933). We believe that, from the evidence presented, including the testimony of the trustee wife, the following may be fairly inferred:
The decedent was a dominant personality, successful and active in his business affairs until his death and, at all times, in control of the financial affairs of the members of his immediate family. Although the 3,000 shares of the corporate stock in the United Cork Companies were transferred to his wife in 1920, he, in practical effect, retained control over their disposition, as witness his trust instrument of 1922. This instrument deferred distribution of corpus until the decedent would have been seventy-two; in the meantime, the decedent exercised complete dominion, not only with respect to investments, but also in the management of the trust generally. The expenses of maintaining his family's summer home at Lake Hopatcong were paid by the trust and the records indicate that, through the years, $111,393.30 of the income from the trust was used for that purpose. Possession and enjoyment of the income was substantially withheld from the beneficiaries and even corpus payable in 1938 was withheld. No satisfactory explanation was advanced for the failure to distribute the corpus of this trust to Henry when he attained thirty-five and significantly, during the following year, the amendment of 1939 was executed, deferring distribution of the entire corpus until 1950 when the decedent would have been eighty-four years of age.
From all the circumstances, we are satisfied that the decedent actually retained complete dominion and control over the corpus
and income until terminated by his death, that such was the decedent's intent, and that the Division of Taxation, Department of Treasury, was justified in taxing the transfers as intended to take effect in possession or enjoyment at or after the death of the decedent within the contemplation of R.S. 54:34-1. Cf.Koch v. McCutcheon, supra; *Page 271 Helvering v. Clifford, 309 U.S. 331, 335 (1940). Its further action in valuing the property as of the date of death rather than transfer, was entirely sound. See In re Hartford,122 N.J. Eq. 489, 498 (Prerog. 1937); affirmed, 120 N.J.L. 564
(Sup. Ct. 1938); affirmed, 122 N.J.L. 283 (E. A. 1939).
The determination of the Division of Taxation, Department of Treasury, is affirmed.