LASSER, P.J.T.C.
This case involves the interpretation of an inter vivos trust instrument and the New Jersey transfer inheritance tax consequences. Both parties have moved for summary judgment. The sole issue is whether the corpus of the trust should be included in the grantor’s estate as a “transfer intended to take effect in possession or enjoyment at or after ... death” pursuant to N.J.S.A. 54:34-1(c). The facts have been stipulated.
On December 29, 1974, the decedent, Mary Chick Johnson, established a trust, the beneficiaries of which were her two children, William E. Johnson and Barbara Jean Earl. The trust instrument designates three trustees, the two children, referred to as “adverse trustees,” and a third party, referred to as the “independent trustee,” and provides that during the grantor’s lifetime the independent trustee shall have the power to distribute income and principal of the trust to the children as he deems necessary for their medical care, education, maintenance and support. A gift tax return was filed in 1975 which treated the transfer of decedent’s assets to the trust as a completed transfer for federal gift tax purposes.
*104 The value of the securities and real estate transferred to the trust on December 29, 1974 as stated on the federal gift tax return was $97,960. The grantor died on November 15, 1986. The amount of her estate at the date of her death is not in evidence.
Distributions made from the trust were divided equally between the two beneficiaries with one exception. In 1985, approximately 44% ($3,203) of the income from the trust for that year was distributed to the grantor-decedent. No other facts were stipulated or introduced in evidence.
The provision which raises the issue in this case is contained in paragraph 3(b) of the trust agreement and provides as follows:
From time to time during the lifetime of the Grantor, the adverse Trustees may distribute to the Grantor such portion of the income and principal of the trust as they deem appropriate in order to provide for the comfort of the Grantor. The preceding sentence is intended to confer a completely discretionary power upon the adverse trustees; it shall not be interpreted as creating any right whatsoever in the Grantor to insist at any time that any portion of the income or principal of the trust be distributed to her.
The purpose of N.J.S.A. 54:34-1(c) is to prevent avoidance of the transfer inheritance tax by pre-death transfers which are substitutes for, or substantial equivalents of, testate or intestate distributions. In re Estate of Lichtenstein, 52 N.J. 553, 560, 247 A.2d 320 (1968). Thus, the determination of this case turns on whether the trust as established was a completed gift, or whether the decedent retained an interest in the trust property. See In re Brockett, 111 N.J.Eq. 183, 162 A. 150 (Prerog.Ct.1932). A bona fide complete, absolute, immediately effective gift inter vivos is not intended to be taxed under the statute. Id. at 186-187, 162 A. 150.
The Director claims that all the assets of the trust are includable in the decedent’s estate because she retained an interest in the trust. In support of this contention he relies on Brockett, supra, in which the decedent created a trust for the benefit of his daughters who were also the trustees. In Brockett, the trust instrument directed the trustees to pay to the grantor so much of the income as the trustees deemed proper *105 for his personal use, maintenance and support, including the maintenance of a suitable residence. Plaintiff, in that case, admitted that there was transfer inheritance tax liability for some portion of the transfer, but contended that only that portion which was for the benefit of the grantor was taxable. The vice-ordinary held the entire transfer taxable as a transfer intended to take effect upon death within the meaning of the statute. Although in Brockett the court discussed the probability that the trustee-children would give the grantor-father as much of the income from the trust as he wished, this was not determinative. Under the terms of the trust, in Brockett, the trustee-children were required to pay the grantor-father something, only the amount was within their discretion. In the instant case there is no requirement to pay, payment being wholly discretionary.
In the subject case, plaintiff contends that the language of the trust instrument creates a completely discretionary right of the adverse trustees to redirect income of the trust to the grantor. Plaintiff points to the explicit wording in the second sentence of paragraph 3(b) and contends that the plain meaning of this language is to establish that payment to decedent is discretionary. Plaintiff asserts that the issue is whether the decedent retained an enforceable right to the corpus and income of the trust and contends that the trust provisions cannot be construed to grant the decedent an enforceable right to require that monies from the trust be paid to her.
The Director, on the other hand, argues that there is a distinction between an interest and an enforceable right and that the retained interest required for taxability under the statute is somewhat less than an enforceable right.
According to Webster’s New Collegiate Dictionary (1980), an interest is a “right, title or legal share in something.” Id. at 602. Further, “the ‘at or after death’ provision has required that the settlor retain in himself some realistic interest, power or control or some other ‘string’ during his lifetime ... [otherwise the transfer is not taxable under this provision.” Lichten *106 stein, supra, 52 N.J. at 578, 247 A.2d 320. A “realistic” interest is usually in the form of an enforceable right. However, it is also feasible that it could take the form of an unenforceable interest where there is a prearrangement between the grantor and the trustee which resulted in the grantor retaining a substantial economic benefit in the transferred property. In the present case, prearrangement was not in issue, and no evidence was presented that the grantor retained such an interest.
The Director argues further that the only reason for including paragraph 3(b) is to create a “string” by which the grantor can retrieve money from the trust. The decedent’s attorney argued that the subject paragraph was included in the trust instrument to give the children the option of redirecting income to their mother without having to pay a second federal gift tax on income taxed to them and given to their mother. The term “string” is not defined in New Jersey statutes, regulations or cases. As used in the federal estate tax context a string is a term used to designate a device employed by a decedent to hold in suspense the ultimate disposition of his property until the moment of his death. See Helvering v. Hallock, 309 U.S. 106, 114, 60 S.Ct. 444, 449, 84 L.Ed. 604, 610 (1939). The grantor in the subject case cannot be said to have retained such a level of control over the final disposition of the trust property.
No New Jersey cases which address the issue in this case have been called to the court’s attention, and this case would appear to be one of first impression.
Arguably, there may be a moral compulsion for the trustee who is a close relative of the grantor, and who also has the power to make distributions from the trust to the grantor, to make such distributions. The Director points out that if their mother were in need, the children would probably make money from the trust available to her. It is possible to hypothesize a fact situation in which moral compulsion would have a place in determining the intent of the language of the trust, for in *107 stance, if the grantor-decedent had given the trust all of her assets, leaving her penniless, coupled with facts that indicated that the trust fund would be used by grantor’s children to support grantor until her death. However, the facts in this case are few, and the issue narrow, limited to the interpretation of the words of the trust instrument. I, therefore, hold that the grantor has not retained an enforceable right to distributions from the trust, and thus, did not retain an interest taxable under N.J.S.A. 54:34-1(c).
This holding is not affected by the grantor’s receipt of some income from the trust in 1985. N.J.S.A. 54:34-1(c) purports to tax only transfers which the transferor intends to take effect at or after death. The statute does not address the intentions of the transferee. The intent of the donor is determinative. Mc-Manus v. Margetts, 6 N.J.Super. 122, 128, 70 A.2d 187 (App. Div.1950). If the children choose to redirect some of the income to the donor, the relevant intent is not necessarily altered, and neither is the taxability of the transfer. See Connelly v. Waterbury Nat. Bank, 136 Conn. 503, 72 A.2d 645 (Conn.Court 1950) (in interpreting similar “at or after death” statute, transferor’s unconditional gift of stock did not become taxable because beneficiaries assigned rights to dividends to the donor for her lifetime).
Plaintiff’s motion for summary judgment is granted, and defendant’s motion for summary judgment is denied. The Clerk of the Tax Court is directed to enter judgment in favor of plaintiff.